E-FILED
Wednesday, 14 October, 2015  11:26:12 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DARMEL L. SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | )    15-CV-2116 |
| KEVIN OLMSTEAD, | ) ) ) |
| Defendant. | ) |

**MERIT REVIEW OPINION**

JOE BILLY MCDADE, U.S. District Judge.

Plaintiff proceeds pro se from his incarceration in the Menard Correctional Center. His Complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1] In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient.

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

Plaintiff alleges that, on September 6, 2013, Detective Olmstead questioned Plaintiff at the Champaign County Police Department about a murder. Plaintiff was allegedly detained for eight hours, and Detective Olmstead denied Plaintiff's requests to leave, even though Plaintiff had not been charged with the murder and there was no probable cause to detain Plaintiff on that charge. After the interrogation ended, Plaintiff was released without being charged with murder. However, a few days later Plaintiff was charged with theft of the murder victim's iPad. The murder victim had made out a complaint to the police regarding the theft before she died, but Plaintiff alleges that she later chose not to press charges. The theft charges were eventually dismissed.

On December 3, 2013, Plaintiff alleges that a warrant for his arrest for the murder was "illegally executed." He alleges that no probable cause existed to arrest him and that no grand jury proceedings were held before his arrest. According to the docket

sheet in Plaintiff's murder case, a jury found Plaintiff guilty of first degree murder on December 4, 2014, and the case is now on appeal. Illinois v. Darmel, 13-CF-1978 (Champaign County)(www.cccircuitclerk.com). Plaintiff maintains his innocence, alleging that he has been the victim of "malicious police conduct."

## ANALYSIS

The Fourth Amendment prohibits unreasonable searches and seizures, which in this context means that probable cause that Plaintiff committed a crime must have been present to detain him for interrogation and to arrest him on the separate charges. "Probable cause to make an arrest exists when a reasonable person confronted with the sum total of the facts known to the officer at the time of the arrest would conclude that the person arrested has committed, is committing, or is about to commit a crime." Venson v. Altamirano, 749 F.3d 641, 649 (7th Cir.2014); Dunaway v. New York, 442 U.S. 200, 216 (1979)(Fourth Amendment protects against custodial interrogation without probable cause). An interrogation amounts to a Fourth Amendment seizure if "'taking into account all of the circumstances surrounding the encounter, the police conduct would have communicated to a reasonable person that he was not

at liberty to ignore the police presence and go about his business.'" U.S. v. Smith, 794 F.3d 681 (7th Cir. 2015)(quoting Florida v. Bostick, 501 U.S. 429, 434 (1991)).

Plaintiff does not allege enough facts to suggest that probable cause was lacking for Plaintiff's arrest for theft of the murder victim's iPad. Plaintiff admits that the murder victim had made a complaint to police about the theft. Generally, a victim's police complaint is "sufficient to establish probable cause, unless the officer has a reason to question the witness' account." Reynolds v. Jamison, 488 F.3d 756 (7th Cir. 2007). The victim's later death or decision not to press charges would not necessarily affect the probable cause analysis. See Force v. City of Chicago, 2010 WL 3283548 *4 (N.D. Ill. 2010)(not reported in Federal Reporter)(victim's offer not to press charges did not obviate probable cause). This claim will be dismissed without prejudice to filing an amended complaint.

Plaintiff's conclusory allegations also do not state a plausible claim that he was arrested for murder without probable cause. The criminal docket in Plaintiff's case shows that an arrest warrant was issued based on a finding of probable cause. Illinois v. Darmel, 13-

CF-1978 (Champaign County)(12/3/13 entry).[2] Intentionally or recklessly false statements made in the probable cause affidavit would violate the Fourth Amendment if the false statements were necessary for the issuance of the warrant, Hart v. Mannina, 798 F.3d 578, 591 (7th Cir. 2015), but Plaintiff does not allege that Officer Olmstead made false statements in the probable cause affidavit. If Officer Olmstead did make false statements to secure the arrest warrant, Plaintiff should be able to allege what those false statements were. In sum, Plaintiff's allegations are too sparse and conclusory to state a plausible claim that he was arrested for murder without probable cause. This claim will also be dismissed, without prejudice to filing an amended complaint.

Plaintiff also contends that grand jury proceedings should have preceded his arrest. While the Fifth Amendment to the U.S. Constitution refers to grand jury indictments, that amendment is not applicable to the states. See Holman v. Gilmore, 126 F.3d 876, 884 (7th Cir.1997)("the grand jury clause of the fifth amendment does not apply to the states")(citing Hurtado v. California, 110 U.S.

---

[2] Plaintiff does not attach the docket, but the Court may take judicial notice of publicly available court proceedings. Spaine v. Community Contacts, Inc., 756 F.3d 542, 545 (7th Cir. 2014).

516 (1884)). In Illinois, criminal felony prosecutions may be initiated by information or indictment. 725 ILCS 5/111-2.

However, Plaintiff does state a plausible Fourth Amendment claim for unreasonable seizure based on his detention for eight hours of interrogation at the police station. A person is "seized" by government officials under the Fourth Amendment when "in view of all the circumstances surrounding the incident, a reasonable person would have believed he was not free to leave." U.S. v. Mendenhall, 446 U.S. 544, 554 (1980). Plaintiff's allegations suggest that he was not free to leave: he alleges that Detective Olmstead denied his requests to end the interrogation and "forced" Plaintiff to stay. (Complaint p. 6.) Accordingly this claim will proceed.[3]

Lastly, Plaintiff asserts that he is innocent. However, a civil claim which would necessarily imply the invalidity of Plaintiff's conviction cannot be pursued until Plaintiff overturns his conviction in direct appeals of his criminal case or in collateral challenges such as a habeas corpus action. Heck v. Humphrey, 512 U.S. 477

---

[3] This claim is not barred by Plaintiff's conviction provided it does not imply the invalidity of that conviction. See Rollins v. Willett, 770 F.3d 575, 576 (7th Cir. 2014)(unreasonable seizure claim not barred by Heck v. Humphrey, 512 U.S. 477 (1994)).

(1994)( )("[A] district court must dismiss a § 1983 action if a judgment in favor of the plaintiff in that § 1983 action would necessarily imply the invalidity of his criminal conviction or sentence."); Swick v. Liautaud, 169 Ill.2d 504, 512 (1996)(a malicious prosecution claim (a state law claim) requires a lack of probable cause, a favorable termination of the criminal proceedings, malice, and damages). At this point, Plaintiff's legal avenue to challenge his murder conviction is to continue pursuing his criminal appeal.

IT IS THEREFORE ORDERED:

1)  Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a Fourth Amendment claim for unreasonable seizure based on his interrogation at the police station on September 6, 2013. This case proceeds solely on the claim identified in this paragraph, subject to a motion for leave to file an amended complaint. If Plaintiff files a motion for leave to file an amended complaint, he should attach the proposed amended complaint. If the motion is allowed, the proposed amended complaint will completely replace the original complaint.

2) Plaintiff's claims for false arrest on the theft charge and murder charge are dismissed, without prejudice to filing an amended complaint.

3) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before defense counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendant by mailing a waiver of service. Defendant has 60 days from the date the waiver is sent to file an Answer. If Defendant has not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said

Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendant shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant. Therefore, no response to the answer is necessary or will be considered.

6) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery

requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay

the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendant's counsel.

11) The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendant pursuant to the standard procedures.

12) The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

13) Plaintiff's motion for counsel is denied (3), with leave to renew upon demonstrating that he has made reasonable efforts to obtain counsel on his own. Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

ENTERED: 10/14/15

FOR THE COURT:                           **s/Joe Billy McDade**
                                         JOE BILLY MCDADE
                                  UNITED STATES DISTRICT JUDGE